COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Humphreys and Senior Judge Hodges


SENTARA NORFOLK GENERAL HOSPITAL AND
 RECIPROCAL OF AMERICA
                                        MEMORANDUM OPINION*
v.    Record No. 0753-02-1                 PER CURIAM
                                          AUGUST 13, 2002
MICHAEL W. JAMES


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        (George J. Dancigers; Heilig, McKenry,
        (Fraim & Lollar, P.C., on brief), for
        appellants.

        (Alan P. Owens, on brief), for appellee.


        Sentara Norfolk General Hospital and its insurer

(hereinafter referred to as "employer") contend the Workers'

Compensation Commission erred in finding that Michael W. James

(claimant) proved that he sustained an injury by accident

arising out of and in the course of his employment on November

1, 2000.  Upon reviewing the record and the parties' briefs, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

_____
        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

order to carry his burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of his injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. <u>See</u> <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Furthermore, it is well settled that credibility determinations are within the fact finder's exclusive purview. <u>Goodyear Tire & Rubber Co. v. Pierce</u>, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

In ruling that claimant proved an injury by accident occurring on November 1, 2000, the commission found as follows:

> The employer points to back problems reported in 1992, 1995, and 1997 as evidence of a "long history of back problems." As set forth above, however, the claimant complained in 1995 and 1997 of back pain, but was eventually diagnosed with and treated for diverticulitis. In 1999, the claimant also complained of back pain but was diagnosed with and treated for prostatis. We do not believe that the evidence fairly can be read to show that the claimant had longstanding back problems.
>
> Regardless, the claimant clearly described an accident that occurred on November 1, 2000, when he was pulling heavy wire through a conduit at work. He credibly described believing that his problems were continued gastrointestinal problems, and his

family doctor also thought this was the case, diagnosing him with prostatis on November 3, 2000. When his condition worsened, an MRI was ordered and revealed a herniated disc. Dr. [Bruce D.] Moffatt noted on November 10, 2000, that the claimant injured himself while pulling wire at work about one week earlier. Dr. Moffatt also noted that the MRI showed "what appears to be a fresh disk herniation on the left at L4-5. This is a significant herniation for the space involved."

As for the recorded statement, the claimant explained to the adjuster that he initially had stomach pain and eventually developed back pain. We believe that this statement corroborated his hearing testimony that he felt pain in his stomach and back after pulling the wires, but initially believed he was suffering from recurring stomach problems. When the back pain worsened, he received specialized treatment. Moreover, the two co-workers who testified corroborated that the claimant suffered an accident at work on November 1, 2000, while pulling wire. We believe that the claimant met his burden of proving an injury by accident.

The testimony of claimant and his two co-workers, Anthony Kyles and Thomas Knight, provide credible evidence to support the commission's findings. The significance of the content of claimant's recorded statement was a matter for the fact finder to weigh in assessing claimant's credibility. It did so and accepted claimant's testimony. Furthermore, as fact finder, the commission was entitled to weigh the medical evidence and to conclude that claimant and his physician reasonably believed at first that his condition was related to recurring stomach problems, but later determined it was due to the wire pulling

- 3 -

incident on June 1, 2000, which resulted in a "fresh" herniated disc.  No medical evidence showed that claimant's prior medical condition was disabling or caused loss of time from work at any time close to the November 1, 2000 injury by accident.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Because the commission's findings are supported by credible evidence, they are binding and conclusive upon us on appeal. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  Moreover, "in determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Id.

For these reasons, we affirm the commission's decision.

Affirmed.